UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ASHLEY CONWELL,

                        Plaintiff,

-against-

THE CITY OF NEW YORK, DETECTIVE
EDWARD SINCLAIR [SHIELD # 5116],
LIEUTENANT JOHN COSTIN [SHIELD # 1404],
DETECTIVE KIRK FERNANDES [SHIELD #
29850], DETECTIVE JAMES RIVERA [SHIELD #
5027], DETECTIVE WARREN ROHAN [SHIELD #
2378], DETECTIVE JAMES ELLERBE [SHIELD #
23098], DETECTIVE JOHN GAMBLE [SHIELD #
2822], DETECTIVE SAMUEL LALLAVE
[SHIELD # 3824], DETECTIVE JAMEL CARR
[SHIELD # 29583], UC # C0103 and UC # C0230,

                                  Defendants.
------------------------------------------------------------------X

Case No. 12 CV 255
(KAM) (RER)

**AMENDED COMPLAINT**

JURY DEMAND

Plaintiff, ASHLEY CONWELL, by her attorney, The Law Offices of UGO UZOH, P.C., complaining of the defendants herein, The City of New York, Detective Edward Sinclair [Shield # 5116], Lieutenant John Costin [Shield # 1404], Detective Kirk Fernandes [Shield # 29850], Detective James Rivera [Shield # 5027], Detective Warren Rohan [Shield # 2378], Detective James Ellerbe [Shield # 23098], Detective John Gamble [Shield # 2822], Detective Samuel Lallave [Shield # 3824], Detective Jamel Carr [Shield # 29583], UC # C0103 and UC # C0230 (collectively, "defendants"), respectfully alleges as follows:

NATURE OF THE ACTION

1.     This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and/or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. §1983 [and § 1985], [and arising under the law and statutes of the City and State of New York].

## JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343, 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

3. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §1391 (b) and (c).

## THE PARTIES

4. Plaintiff is and was at all times material herein a resident of the United States and the State of New York.

5. At all relevant times, defendants Detective Edward Sinclair [Shield # 5116], Lieutenant John Costin [Shield # 1404], Detective Kirk Fernandes [Shield # 29850], Detective James Rivera [Shield # 5027], Detective Warren Rohan [Shield # 2378], Detective James Ellerbe [Shield # 23098], Detective John Gamble [Shield # 2822], Detective Samuel Lallave [Shield # 3824], Detective Jamel Carr [Shield # 29583], UC # C0103 and UC # C0230 (hereinafter "defendant officers") were, upon information and belief, and still are, agents and/or officers employed by defendant City of New York.

6. At all times herein, the defendant officers were acting under the color of their official capacity, and their acts were/are performed under color of the statutes and ordinances of the City of New York and/or the State of New York. Defendant officers were/are the servants, agents, and employees of their co-defendant, the City of New York, such that their acts are imputed to the City of New York.

7. At all relevant times, the defendant City of New York was and is a municipal corporation duly organized and existing under the laws of the State of New York, and was/is the employer of the defendant officers, and the actions of the defendant officers complained of herein were done as part of the custom, practice, usage, regulation and/or at the direction of the defendant City of New York.

8. Plaintiff is suing the defendant officers in their individual and official capacities.

FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

9. On or about June 30, 2011, at approximately 3:30 p.m., defendant officers, acting in concert, arrested plaintiff without cause at or within the vicinity of 1281 Eastern Parkway, Apt. 9A, Brooklyn, New York, and charged plaintiff with PL 220.03 'Criminal possession of a controlled substance in the seventh degree', among other charges.

10. Plaintiff, however, was not in possession of any controlled substance, and did not commit any offense against the laws of New York City and/or State for which the arrest may be lawfully made.

11. Prior to the arrest, plaintiff was on a visit to her friend at aforesaid location when defendant officers forced their way into the location without a warrant, physically and verbally assaulted the plaintiff, and tightly handcuffed the plaintiff with her hands placed behind her back.

12. After handcuffing the plaintiff, defendant officers proceeded to perform an illegal search of the plaintiff and the aforesaid location.

13. Even though defendant officers did not find anything illegal, defendant officers nonetheless arrested the plaintiff.

14. After falsely arresting the innocent plaintiff, defendant officers transported plaintiff to the NYPD-77th Precinct.

15. During the arrest and while at the precinct, defendant officers subjected the plaintiff to an intrusive and illegal bodily search.

16. That during the illegal search, defendant officers removed approximately $40.00 from the plaintiff.

17. Eventually, defendant officers returned approximately $20.00 to the plaintiff.

18. That defendant officers seized, disposed of and/or appropriated to themselves the remaining $20.00 that was illegally removed from the plaintiff.

19. At no time did the defendants issue or provide the plaintiff with a voucher of her personal items and/or properties.

20. That the defendants did not otherwise notify the plaintiff of the procedures she could follow to reclaim her personal items and/or properties including the $20.00 described above.

21. That as a result, the plaintiff was deprived of her properties including the $20.00 described above.

22. Eventually, after detaining plaintiff at the precinct for a lengthy period of time, plaintiff was transported to the Central Booking to await arraignment even though she did not commit any crime or offense and defendant officers did not find anything illegal from their unlawful and unreasonable searches.

23. While plaintiff was awaiting arraignment, defendant officers met with prosecutors employed by the Kings County District Attorney's Office.

24. During this meeting, defendant officers falsely stated to the prosecutors, among other things, that plaintiff was in possession of a controlled substance.

25. Based on the false testimony of the defendant officers, a prosecution was commenced against plaintiff.

26. Eventually, the false charges levied against plaintiff were summarily dismissed.

27. That each and every officer who responded to, had any involvement and/or was present at the location of the arrest knew and was fully aware that plaintiff did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

28. Nonetheless, defendant officers did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to intervene.

29. As a result of the aforesaid actions by defendant officers, plaintiff suffered and continues to suffer emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of liberty, pain and damage, loss of property, financial losses, and damage to reputation.

FIRST CAUSE OF ACTION: 42 U.S.C. § 1983

30. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 29 of this complaint as though fully set forth herein.

31. The conduct of defendant officers, as described herein, amounted to false arrest, excessive use of force, failure to intervene, abuse of process, unlawful entry, illegal and unreasonable search and seizure, fabrication of evidence, violation of right to a fair trial, denial of due process rights and malicious prosecution.

32. Such conduct violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

33. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SECOND CAUSE OF ACTION: FAILURE TO TRAIN AND MUNICIPAL POLICY

34. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 33 of this complaint as though fully set forth herein.

35. Defendant City of New York, acting through the New York Police Department, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise or discipline its police officers concerning correct practices in conducting investigations, the use of force, interviewing of witnesses and informants, assessment of the credibility of witnesses and informants, reasonable search of individuals and/or their properties, the seizure, voucher and/or release of seized properties, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exists for such arrest.

36. Additionally, defendant City of New York, acting through acting through District Attorney Charles J. Hynes and the Office of the District Attorney of

        the County of Kings, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise, and discipline its Assistant District Attorneys and employees concerning correct practices in conducting investigations, interviewing witnesses and informants, assessing the credibility of witnesses and informants, the initiation and/or prosecution of criminal actions, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and the duty and/or obligation of candor toward the court.

37.    Defendant City of New York, acting through aforesaid NYPD and District Attorney, had actual and/or de facto policies, practices, customs and/or usages of wrongfully arresting, illegally strip searching, abusing, humiliating, degrading and/or maliciously prosecuting individuals who are members of racial/ethnic minority groups such as plaintiff, who is black, on the pretext that they were involved in narcotics and/or drug transactions.

38.    Additionally, defendant City of New York had actual and/or de facto policies, practices, customs and/or usages of failing to provide notice of the property recovery procedures, and/or of misinforming claimants who do not receive notice by voucher of the prevailing procedures for recovery of their properties.

39.    Further, the existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct, as documented in the numerous civil rights actions filed against the City of New York in the state and federal courts, and from a January 2006 statement by Deputy Commissioner Paul J. Browne that police commanders are permitted to set "productivity goals" (i.e., arrest quotas). *See Colon v. City of New York*, 2009 U.S. Dist. LEXIS 110520 (E.D.N.Y. Nov. 25, 2009) (Weinstein, J.). *See also* the following cases filed in this district: *Alisha Brewster v. City of New York*, (11 CV 4874); *Robert Cooper v. City of New York*, (11 CV 4873, 11 CV 452); *Diane Dawson v. City of New York* (11 CV 4872); *Robert Rogers v. City of New York*, (11 CV 4870); *Richardson Francois v. City of New York* (11 CV 2086); *Geneeza Walls v.*

*City of New York*, (10 CV 5769); *Javier Jones v. City of New York* (10 CV 3719); *Euday Bowman v. City of New York* (10 CV 3419); *Edward Ogunmoyin v. City of New York* (10 CV 1060); *John McLean v. City of New York* (10 CV 631).

40. That the issue of arrest quotas has been recently decided and/or it has been conclusively determined that officers of the New York Police Department are permitted, as a policy and/or practice, to use quotas to make arrests. *See Bryant v. City of New York*, Index No. 22011/07 (Sup. Ct. County of Kings Feb. 18, 2011).

41. That defendant City of New York maintained the above described policies, practices, customs or usages knowing fully well that the policies, practices, customs or usages lead to improper conduct by its police officers and employees. In failing to take any corrective actions, defendant City of New York acted with deliberate indifference, and its failure was a direct and proximate cause of plaintiff's injuries as described herein.

42. The actions of defendants, acting under color of State law, deprived plaintiff of her due process rights, and rights, remedies, privileges, and immunities under the laws and Constitution of the United States, treatise, ordinances, customary international law and norms, custom and usage of a right; in particular, the right to be secure in her person and property, to be free from abuse of process, and the right to due process.

43. By these actions, defendants have deprived plaintiff of rights secured by treatise, ordinances, customary international law and norms, custom and usage of a right, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

THIRD CAUSE OF ACTION: 42 U.S.C. § 1985

44. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 43 of this complaint as though fully set forth herein.

45. In an effort to find fault to use against the plaintiff, defendant officers conspired among themselves and conspired with other individuals to deprive

7

plaintiff of her constitutional rights secured by 42 U.S.C. § 1983, and by the Fourth, Fifth, Sixth and Fourteenth Amendments to United States Constitution, because of her race, ancestry and/or ethnicity, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

46. In light of the foregoing therefore, defendant officers engaged in a conspiracy designed to deprive plaintiff of her constitutional and federal rights in violation of 42 U.S.C. § 1985.

47. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore stated.

<u>FOURTH CAUSE OF ACTION: NEW YORK STATE CONSTITUTION, ARTICLE I, §§ 5, 6, 8, 11 & 12</u>

48. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 47 of this complaint as though fully set forth herein.

49. By reason of the foregoing, and by arresting, detaining and imprisoning plaintiff without probable cause or reasonable suspicion, and harassing and assaulting her and depriving plaintiff of due process and equal protection of laws, defendants deprived plaintiff of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article I, § 5 (prohibiting cruel and unusual punishments), Article 1, § 6 (providing for due process), Article 1, § 8 (guaranteeing freedom of speech), Article 1, § 11 (prohibiting discrimination in civil rights and providing for equal protection of laws) & Article I, § 12 (prohibiting unreasonable searches & seizures) of the New York Constitution.

50. In addition, defendant officers conspired among themselves and conspired with other individuals to deprive plaintiff of her constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

51. Defendant officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as officers, agents, or employees. Defendant officers' acts were beyond the scope of their jurisdiction, without authority of law, and in abuse

of their powers. Defendant officers acted willfully, knowingly, and with the specific intent to deprive plaintiff of her constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution.

52. Defendants, their officers, agents, servants, and employees were responsible for the deprivation of plaintiff's state constitutional rights.

FIFTH CAUSE OF ACTION: ASSAULT AND BATTERY

53. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 52 of this complaint as though fully set forth herein.

54. The conduct of defendant officers, as described herein, amounted to assault and battery.

55. By reason of and as a consequence of the assault, plaintiff suffered and continues to suffer emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of liberty, pain and damage, and damage to reputation.

56. Upon information and belief, defendant City of New York had sufficiently specific knowledge or notice of defendant officers' propensity for acts complained of herein and that their acts could reasonably have been anticipated. However, defendant City of New York failed to take any appropriate actions to assure plaintiff's safety and security and failed to protect and/or safeguard plaintiff's interests.

57. That defendant City of New York's failure to assure plaintiff's safety and security was a proximate cause of plaintiff's injuries.

SIXTH CAUSE OF ACTION: NEGLIGENT & INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

58. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 57 of this complaint as though fully set forth herein.

59. The defendants engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to plaintiff.

60. Plaintiff's emotional distress has damaged her personal and professional life because of the severe mental pain and anguish which were inflicted through

deliberate and malicious actions including the detention and imprisonment by defendants.

61. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SEVENTH CAUSE OF ACTION: NEGLIGENT HIRING AND RETENTION OF EMPLOYMENT SERVICES

62. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 61 of this complaint as though fully set forth herein.

63. Upon information and belief, defendant City of New York, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiff to prevent the physical and mental abuse sustained by plaintiff.

64. Upon information and belief, defendant City of New York, through its various agencies and departments including the defendants in this action owed a duty of care to plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to plaintiff or to those in a like situation would probably result from such conduct described herein.

65. Upon information and belief, defendant City of New York, knew or should have known through the exercise of reasonable diligence that defendant officers were not prudent and were potentially dangerous.

66. Upon information and belief, defendant City of New York's negligence in hiring and retaining the defendants proximately caused plaintiff's injuries.

67. Upon information and belief, because of defendant City of New York's negligent hiring and retention of defendant officers, plaintiff incurred and sustained significant and lasting injuries.

WHEREFORE, plaintiff respectfully prays judgment as follows:

a. For compensatory damages against all defendants in an amount to be proven at trial;

  b.  For exemplary and punitive damages against all defendants in an amount to be proven at trial;

  c.  For costs of suit herein, including plaintiff's reasonable attorney's fees; and;

  d.  For such other and further relief as the court deems proper.

<u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury.

Dated: Brooklyn, New York
   May 11, 2012

         UGO UZOH, P.C.

         /s/

        _____
       By: Ugochukwu Uzoh (UU-9076)
         Attorney for the Plaintiff
         304 Livingston Street, Suite 2R
         Brooklyn, NY 11217
         (718) 874-6045

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

ASHLEY CONWELL,

                                                                                        Plaintiff,

                                 against

THE CITY OF NEW YORK, DETECTIVE EDWARD SINCLAIR [SHIELD # 5116], LIEUTENANT JOHN COSTIN [SHIELD # 1404], DETECTIVE KIRK FERNANDES [SHIELD # 29850], DETECTIVE JAMES RIVERA [SHIELD # 5027], DETECTIVE WARREN ROHAN [SHIELD # 2378], DETECTIVE JAMES ELLERBE [SHIELD # 23098], DETECTIVE JOHN GAMBLE [SHIELD # 2822], DETECTIVE SAMUEL LALLAVE [SHIELD # 3824], DETECTIVE JAMEL CARR [SHIELD # 29583], UC # C0103 and UC # C0230,

                                                                                    Defendants.

---

**AMENDED SUMMONS & COMPLAINT**
**DEMANDS TRIAL BY JURY**

---

**LAW OFFICES OF UGO UZOH, P.C.**
304 LIVINGSTON STREET, SUITE 2R, BROOKLYN, NY 11217
TELEPHONE: (718) 874-6045; FACSIMILE: (718) 576-2685
EMAIL: u.ugochukwu@yahoo.com

---

To:

Defendant(s)/Attorney(s) For Defendant(s).

---

      Service of a copy of the within is hereby admitted

                  Dated:_____

              Attorney(s) For:_____